UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-21013-CIV-MORENO

REGIONS BANK,

    Plaintiff,

vs.

THE M/Y ELIDE, a 52' RIVA MOTOR YACHT,
Hull I.D. No. XFA52R23G506, its engines, tackle,
rigging, apparel, and appurtenances, etc., *in rem*,
and RUGGIERI YACHTING, LLC, *in personam*,

    Defendants.
_____/

## ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF REGIONS BANK

Plaintiff Regions Bank ("Regions") commenced this action to foreclose a First Preferred Ship Mortgage on Defendant vessel "M/Y Elide." Regions holds the mortgage pursuant to 46 U.S.C. § 31322. M/Y Elide secures a Promissory Note executed in 2007 between Regions and Defendant Ruggieri Yachting, LLC ("Ruggieri"), and the note requires monthly payments. Upon the occurrence of an "event of default," such as a missed payment, Regions could exercise its option for the entire amount to become immediately due and payable upon written notice and/or demand. Further, the mortgage requires Ruggieri to maintain and preserve M/Y Elide in seaworthiness condition and in good state of repair.

In October 2010, M/Y Elide partially sank, and the vessel has been stored outside for 2-3 years with the engines disassembled. The vessel needs a total mechanical and cosmetic refit. M/Y Elide was arrested on April 2, 2013 and is in the custody of National Maritime Services, Inc.

Regions alleges it has declared the whole of the outstanding indebtedness under the note and mortgage to be immediately due and payable and that, although demand was made, the outstanding

indebtedness has not been paid. Regions further alleges that all conditions precedent to maintaining the action have been or will be met. In its Motion for Summary Judgment [D.E. 28], Regions seeks a judgment that Defendants are in default on two separate grounds: (1) There is an "event of default" for missed payments on the note, and (2) There is an "event of default" for failure to comply with the seaworthiness requirement of the mortgage.[1]

## Legal Analysis

The Court addresses the second ground of purported liability, and respectfully disagrees with the Magistrate's finding that there are disputed issues of material fact on the issue of whether there is an "event of default" for Defendant Ruggieri's failure to comply with the seaworthiness requirement of the mortgage. For the reasons stated below and based upon argument in open court on March 3, 2014, the Court finds there are no disputed issues of material fact, and grants summary judgment on liability on the grounds that Defendants have defaulted on the mortgage for failure to maintain the vessel in a seaworthy condition and in good repair.

First, there is no dispute as to the authenticity or contents of the Promissory Note or First Preferred Ship Mortgage. Second, there is no dispute that the vessel owner has failed to maintain the vessel in seaworthy condition pursuant to Article 4 of the mortgage, which requires that the vessel be maintained in a seaworthy condition and good state of repair insofar as due diligence can make it so. [D.E. 1-3 at 4 (Art. 4)]. According to the Vessel Detailed Condition Report dated April 9, 2013 [D.E. 27-1], which the Magistrate found and the Court agrees constitutes adequate evidence for summary

---

[1] M/Y Elide's insurance underwriter, Marine Insurance Company Limited, has filed an action before the Honorable United States District Court Judge Kathleen Williams (No. 13-cv-23224), seeking a declaratory judgment of no insurance coverage and voidance of the policy. The Defendants in this action are Ruggieri Yachting, Derek Caldwell (the owner of M/Y Elide), Regions Bank, and Grove Harbour Marina and Caribbean Marketplace, Inc. As of the date of this Order, Grove Harbour has filed counterclaims against Marine Insurance, who is seeking to dismiss the counterclaims, and Marine Insurance has filed a motion for default judgment as to Ruggieri and Caldwell.

judgment, the vessel has been stored outside for 2-3 years with the engines disassembled, and needs a total mechanical and cosmetic refit. Third, there is no dispute that Defendant Ruggieri had actual notice of this condition, as conceded by Ruggieri's representative Samir Masri in a sworn affidavit [D.E. 43-1]. The Court therefore agrees with the Magistrate that the alternative requirements of "notice or knowledge" moot the issue of whether Ruggieri received notice of unseaworthiness from Regions after M/Y Elide partially sank in October 2010.

The Court disagrees, however, with the Magistrate's interpretation of the mortgage. Article 11 defines "Event of Default" as:

> **Article 11. Events of Default: Remedies**. If any one or more of the following events (herein called "Events of Default") shall have occurred and remain unremedied:
> ...
> (n) Default in the observance or performance of any of the other covenants, conditions or agreements contained in this Mortgage, and any such default or breach that is capable of being cured is not cured within ten (10) days after the earlier of notice thereof from Mortgagee to Shipowner or knowledge thereof by Shipowner[.]

[D.E. 1-3 at 10 (Art. 11(n))]. The Magistrate interpreted the above language to read, "an event of default under the Mortgage requires that a default capable of being cured not be cured within ten (10) days of such knowledge" [D.E. 46 at 8].

The Court reads section "n" to describe two separate events of default, each sufficient to maintain an action for default: (1) Default in the observance or performance of any of the other covenants, conditions or agreements contained in this mortgage is an event of default; or (2) Any such default that is capable of being cured and is not cured within 10 days, is an event of default. Stated differently, if the default is reasonably capable of being cured within 10 days, and it is not cured within that time, there is an event of default under the second option. If the default is not reasonably capable of being cured within 10 days, the first option would apply as there is still a default. The first option applies to the instant case where Defendants have failed to comply with the seaworthiness requirement

under Article 4 of the First Preferred Ship Mortgage.

To read the mortgage otherwise results in a scenario where there is damage to the vessel causing it to be unseaworthy, but the damage is incapable of being repaired in 10 days, and for that reason alone there is no default. In this scenario, significant damage can remain unrepaired and Regions would have no remedy against Ruggieri for failing to comply with the seaworthiness obligation in Article 4 of the mortgage.

The Court finds such a reading contrary to the intentions of the parties in executing a promissory note secured by the mortgage. To retain the value of the security, the vessel must be maintained in good repair and a seaworthy condition. Moreover, to read the mortgage in this manner disregards the language in Article 4 that the vessel be maintained in a seaworthy condition "insofar as due diligence can make it so" [D.E. 1-3 at 4 (Art. 4)], which recognizes that the reasonableness of compliance with mortgage obligations will vary according to the circumstances. Accordingly, it is

**ADJUDGED** that summary judgment is GRANTED is granted in favor of Plaintiff Regions Bank against Defendants M/Y Elide and Ruggieri Yachting. Defendants are in default under the First Preferred Ship Mortgage for failure to maintain the vessel in a seaworthiness condition and good state of repair where Ruggieri had knowledge of the vessel's condition.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of March, 2014.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record